IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM M. LUCY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-455-WKW-JTA |
| | ) |
| GUS B. THAMES, JR., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff William M. Lucy ("Lucy"), an inmate at Easterling Correctional Facility proceeding *pro se*, commenced this case by filing a complaint on June 30, 2020. (Doc. No. 1.) This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 3.)

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a).[1]

---

[1] Upon initiation of this civil action, Lucy filed an application for leave to proceed *in forma pauperis*. (Doc. No. 2.) However, under the circumstances of this case, the court finds that ruling on the *in forma pauperis* application should be undertaken by the United States District Court for the Southern District of Alabama.

## I. INTRODUCTION

Lucy brings this action as the personal representative of Annie D. Fox, his late sister. (Doc. No. 1.) In his Complaint, Lucy alleges claims of conspiracy to defraud, fraud and mental anguish in relation to the alleged theft of real property and personal property from Fox's estate. (*Id*.) Lucy alleges the estate case is currently pending in Mobile County Probate Court and the real property at issue is located at 2054 Clinton Street, Mobile, Alabama; 2056 Clinton Street, Mobile, Alabama; and 1613 James Street, Mobile, Alabama. (*Id*. at 2.) Lucy names as defendants the following: Gus B. Thames, Jr., d/b/a Sixty One St. Francis Street, Inc. and Thames Jackson Harris County Realty, Mobile County Probate Court Chief Clerk Mark Erwin, Mobile County General Administrator Frank Kruse, attorney Jimmy H. Fernandez and Gretchen Elaine Walker. (*Id*. at 2-4.) According to the Complaint, all defendants reside or are located in Mobile, Alabama. (*Id*. at 6.)

## II. DISCUSSION

Venue for civil actions is governed by 28 U.S.C. § 1391(b), which provides that a

> civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a). Such transfers may

be made *sua sponte* by the district court. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *see also* 28 U.S.C. § 1406(a) (directing a district court to dismiss or transfer an action to an appropriate venue if it determines that the action was filed in the wrong district).

Here, the acts or occurrences forming the basis of Lucy's Complaint occurred in Mobile, Alabama, which is located in the Southern District of Alabama. Moreover, the Complaint indicates that the real property at issue is in the Southern District of Alabama. Further, it appears that all defendants reside, for purposes of venue, in the Southern District of Alabama. Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in the Middle District of Alabama. Accordingly, the court concludes that in the interest of justice this case should be transferred to the United States District Court for the Southern District of Alabama for review and disposition.[2]

### III. CONCLUSION

In light of the foregoing and in accordance with applicable federal law, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama in accordance with the provisions of 28 U.S.C. § 1404(a).

---

[2] In transferring this case, the court makes no determination with respect to the merits of the claims presented in the Complaint.

It is further

ORDERED that **on or before July 21, 2020**, Plaintiff may file objections to this Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Plaintiff is advised that frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 6th day of July, 2020.

                                        /s/ Jerusha T. Adams
                                        JERUSHA T. ADAMS
                                        UNITED STATES MAGISTRATE JUDGE